# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br>v.<br>Alberto Hernandez-Amparan,<br>    Defendant. | No. CR-09-0749-TUC-JGZ (LAB)<br>**REPORT AND RECOMMENDATION** |

Pursuant to District Judge Zipp's order, the Defendant's Evidentiary Hearing came on for hearing before Magistrate Judge Bowman on December 19, 2013. Defendant was present, representing himself pursuant to the District Court's order (Doc. 105). Also present was David Alvaraz, appointed as advisory counsel. The Government presented one witness and admitted Exhibits 1, 2, 4, 5 and 6. The defendant testified on his own behalf.

**I.   FINDINGS OF FACT**

On April 5, 2013, a Petition to Revoke Supervised Release was filed alleging that Defendant violated his conditions of supervised release by committing another federal crime during the term of his supervision. According to the Petition, Defendant was sentenced to serve 34 months in prison followed by 36 months of supervised release. Defendant's term of supervised release began on February 28, 2013 when he was discharged from prison. His conditions of supervision included the following: "You shall not commit another federal, state or local crime during the term of supervision." Standard Condition No. 1.

**United States Probation Officer (USPO) Pauline Ware -** USPO Pauline Ware testified that she is assigned to maintain the immigration cases for defendants whose last names begin with the letters "A" through "L". She was assigned Defendant Hernandez-

1  Amparan's case and is familiar with his file. Officer Ware testified that Exhibit 1 is a copy
2  of the Defendant's judgment and commitment (J & C) dated May 21, 2010. The J & C
3  shows that the Defendant was sentenced to 34 months in prison with 36 months of supervised
4  release to follow. She also testified that Exhibit 2 is the Notice of Certain Supervision
5  Conditions, which was given to the Defendant to sign at the time of his sentencing hearing.
6  Exhibit 2 advises the Defendant that he is not to commit another federal, state or local crime
7  during the term of supervision and also that, if deported, the defendant is not to re-enter the
8  United States without legal authorization. On the defendant's signature line is written "Deft
9  Refused Signature". The document is dated 5-21-10 and includes the signature of H.
10 Torralba (Defendant's attorney Homero Torralba).

11 Officer Ware testified that the petition to revoke supervised release was filed when
12 the criminal complaint in Defendant's new case was filed. The Court took judicial notice of
13 Document 65 on the docket sheet which is a minute entry for the sentencing hearing held
14 before Chief Judge John M. Roll. It states, "Defendant advised of standard condition number
15 one re committing no crime state, local, or federal. Said condition and the special condition
16 provided to the defendant in writing, however the defendant refused to sign acknowledging
17 receipt."

18 Exhibit 4 is the indictment in CR-13-0696-TUC-JGZ(LAB) charging Defendant with
19 attempted illegal re-entry after deportation. Exhibit 5 is Document 49 in that case, the jury
20 verdict form finding the defendant guilty of Attempted Illegal Re-Entry After Deportation,
21 as charged in the indictment. Exhibit 6 is a certified copy of the Criminal Minutes from the
22 second day of the jury trial, stating that the jury returned a verdict of GUILTY.

23 **Defendant Alberto Hernandez-Amparan -** Mr. Hernandez-Amparan testified that
24 he was wrongfully deported after being wrongfully convicted, because his father told him,
25 and he believes, he was born in the United States. He returned to the United States because
26 this is his home and his family is here. He has been in the United States his entire life. He
27 is not guilty. This is a misunderstanding.

## II. CONCLUSIONS OF LAW

A court may revoke a defendant's supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. *United States v. Musa*, 220 F.3d 1096, 1100 (9th Cir. 2000), *cert. denied*, 531 U.S. 999, 121 S.C. 498 (2000); *see also* 18 U.S.C. § 3583(e)(3).

Having considered the testimony, exhibits and arguments of counsel and the defendant, the Magistrate Judge finds by a preponderance of the evidence that the Defendant violated his conditions of supervised release.

## III. RECOMMENDATION FOR DISPOSITION BY THE DISTRICT COURT JUDGE

Based on the foregoing and pursuant to 28 U.S.C. § 636(b)(1) (B) and Rule 57.6(d)(4), LRCrim, the Magistrate Judge **RECOMMENDS** that the District Court, after an independent review of the record, find that the Defendant violated Standard Condition No. 1 of his terms of supervised release by committing another federal crime and schedule a disposition hearing for **January 16, 2014 at 8:40 a.m. before U.S. District Court Judge Jennifer G. Zipps.**

Pursuant to 28 U.S.C. § 636 (b)(1)(C), any party may serve and file written objections with the District Court within fourteen (14) days of being served with a copy of this Report and Recommendation. If the objections are not timely filed they may be deemed waived.

DATED this 30th day of December, 2013.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge

- 3 -